

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

*Affirmed by*
*R-2327 B51*

Opinion No. 0-4185
Re: In view of the amendment to
Article 3899, Vernon's Anno-
tated Civil Statutes, should
the premium on bonds of the
county treasurer, county
auditor, and county road com-
missioners be paid out of the
general fund?

In your letter requesting an opinion of this de-
partment on the above stated question you cite House Bill
No. 524, Acts of the Forty-seventh Legislature, Regular
Session, 1941, and state "it occurs to me that there has
been an attempt to require the premium of bonds on the coun-
ty treasurer, county auditor and county road commissioners
to be paid by the county and out of the General Fund. Am
I correct or not? I have always heretofore held and re-
fused to pay the bond premium for the above named officers."

We also have your letter of October 29, 1941, sup-
plementing the letter just quoted, in part. As we under-
stand your request you desire to know whether or not the
premium on bonds of the county treasurer, county auditor,
and county road commissioners of Johnson County should be
paid out of the General Fund or some other fund, and on this
premise we answer the above stated question.

The caption of House Bill No. 524, Acts of the
Forty-seventh Legislature, Regular Session, 1941, reads as
follows:

"An Act amending Article 3899, Revised Civil
Statutes of Texas, 1925, as amended by Chapter
311, Acts of the Forty-fourth Legislature, Reg-
ular Session, and Chapter 465, Acts of the Second

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Called Session, Forty-fourth Legislature, and by Chapter 498, Acts of the Forty-fifth Legislature, to provide that premiums on official bonds for the county treasurers, county auditors, county road commissioners, county school superintendents, hide and animal inspectors, and their deputies, shall be paid from county funds; and declaring an emergency."

Section 3 of the above mentioned Act provides:

"The fact that the provisions of this Act are necessary to remedy a discrimination against certain county officials in the matter of payment of costs on premiums on bonds for themselves and for their deputies creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

Section (a) of House Bill No. 524, supra, reads in part as follows:

"(a) At the close of each month in his tenure of office, each officer named herein who is compensated on a fee basis shall make, as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office such as stationery, stamps, telephone, premiums on officials' bonds including the cost of surety bonds for his deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses, and other necessary expenses; provided, that in addition to the officers named herein, the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector shall likewise make a report on the premiums on officials' bonds, including the cost of surety bonds for any deputies, and said premiums shall

be subject to payment out of the fees of said
office, as herein otherwise provided for the
officers named; and provided further that if
any of the officers so designated are on a
salary rather than a fee basis, then all such
bond premiums for officers and their deputies
shall be paid from the General Fund of the
county. . . "(Underscoring ours)

Section (b) of the above mentioned Act provides
in part:

"Each officer named in this Act, where he
receives a salary as compensation for his serv-
ices, . . . provided that expenses incurred for
premiums on officials' bonds for the county
treasurer, county auditor, county road commis-
sioners, county school superintendent and the
hide and animal inspector, including the cost
of surety bonds for any deputies of any such
officers, may be also included, and such ex-
penses to be passed on, predetermined and al-
lowed in the time and amount, as nearly as pos-
sible by the Commissioners' Court once each
month for the ensuing month. . . All such ap-
proved claims and accounts shall be paid from
the Officers Salary Fund unless otherwise pro-
vided herein."

Johnson County has a population of 30,361 inhabi-
tants according to the 1940 Federal Census and, therefore,
all the county officials of said county must be compensated
on an annual salary basis as required by Section 13 of Article
3912e, Vernon's Annotated Civil Statutes.

It seems clear that Section (a) applies to those
county officials who are compensated on a fee basis and to
the county road commissioners and the county school super-
intendent and the county auditor, who are compensated on an
annual salary basis in fee counties, and that the provision
in said Section (a) which provides "provided further that
if any of the officers so designated are on a salary rather
than a fee basis, then all such bond premiums for officers
and their deputies shall be paid from the General Fund of
the county" only applies to such officers in fee counties
and has no application whatsoever to those county officials

in counties where all of said county officials are compensated on an annual salary basis. Therefore it is our opinion that the premiums on bonds of the county treasurer, county auditor and county road commissioners of Johnson County must be paid out of the Officers Salary Fund, "unless otherwise provided." We fail to find any other provision in said Section (b) providing that said premiums shall be otherwise paid. Therefore, as above stated, it is our opinion that the premiums on the bonds of the county treasurer, county auditor and county road commissioners of Johnson County must be paid out of the Officers Salary Fund.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED NOV 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:LM

